1334 PARKVIEW AVENUE, SUITE 280 MANHATTAN BEACH, CALIFORNIA 90266

Hon. Paul A. Engelmayer  February 29, 2024
Southern District of New York
40 Foley Square, Courtroom 1305
New York, NY 10007

    Re:    *Deckers Outdoor Corporation v. Wholesale in Motion Group, Inc.*
           Case No. 1:23-cv-04912

Dear Hon. Engelmayer,

Pursuant to Local Rule 37.2 and this Court's Individual Rules and Practices 2(C), plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") hereby seeks the right to move to compel defendant Wholesale in Motion Group, Inc.'s ("Defendant") substantive written responses (and responsive documents) to Plaintiff's Request for Production, Set One.

On June 12, 2023, Plaintiff filed this instant action against Defendant for infringement under and unfair competition under the Lanham Act, patent infringement, and related claims under state statutory and common law—all arising from Defendant's manufacture, importation into the U.S., marketing, distribution in commerce, offer for sale, and/or sale certain footwear products which infringe Deckers' Fluff Yeah Dress and/or the '941 Patent (the "Accused Products"), an exemplars of which is shown in ¶ 17 of Deckers' Complaint and below.





**Accused Product**      **Accused Product**      **UGG® Fluff Yeah Slide**
**SKU# 2901656**      **SKU #3309801**

On November 13, 2023, Plaintiff served Defendant with Initial Disclosures, Request for Production, Set One, and Interrogatories, Set One. *See* Exhibit 1 (Request for Production, Set One). Defendant failed to provide discovery responses and document production on or before December 16, 2023. Subsequently, Plaintiff repeatedly sought to amicably meet and confer with Defendant's counsel regarding Defendant's failure to respond to written discovery. However, upon receiving no response Defendant, Plaintiff filed its Letter Motion with the Court regarding the outstanding discovery. ECF. 45. On January 12, 2024, the day after Plaintiff filed its Letter Motion, Defendant served its responses to Request for Production, Set One and a handful of documents. *See* ECF 51, 51-1. Due to Defendant's service of discovery responses, the Court denied Plaintiff's Letter Motion without prejudice to renewal. ECF. 52.

After Plaintiff's initial review of Defendant's responses to Request for Production, Set One, Plaintiff's counsel notified Defendant's counsel of a number of deficiencies with Defendant's responses. *See* Exhibit 2. After receiving no response from Defendant's counsel, on February 16, 2024, Plaintiff's counsel sent a request to meet and confer on Defendant's deficient responses and Defendant's availability for a 30(b)(6) deposition. *See* Exhibit 3. After receiving no response

February 29, 2024
Page 2

regarding counsel's availability to meet and confer, Plaintiff sent a follow-up request on February 23, 2024, again notifying Defendant that a number of the discovery responses, specifically response for Request Nos. 1-4, 10-14, and 21-27 provide the same copy-and-pasted response and fail to provide responses that are specifically tailored to each individual Request for Production. *See* Exhibit 3 and 4. That same day counsel for the parties conferred telephonically and discussed, among other things, Defendant's deficient responses. *See* Exhibit 4. During the parties' conference, Defendant's counsel confirmed that Defendant only searched for documents related to sales information for the Accused Products. Further, Defendant agreed to provide code compliant amended responses which specifically respond to each individual request by February 28, 2024. *See* Exhibit 4. To date, Defendant has failed to provide amended responses to Request for Production, Set One. The below summarizes the deficiencies in Defendant's responses:

First, Defendant provides the same copy-and-pasted confusing non-responsive narrative for responses to Request Nos. 1-4, 10-14, and 21-27. However, the responses fail to clearly respond whether Defendant has produced responsive documents, will produce responsive documents, or whether there are no responsive documents which respond to each specific Request. For example, Request No. 21 seeks documents sufficient to identify the retail locations Defendant sold the Accused Products. Defendant responds with the same copy-and-pasted narrative response for Request Nos. 1 (seeks documents identified in initial disclosures), 2 (seeks documents sufficient to identify each Accused Product), and 10-11 (seek documents sufficient to identify the manufacturer/supplier of the Accused Products). *See* ECF 51-1.

Second, Defendant provides the same copy-and-pasted response for Request Nos. 5-8. *See* ECF 51-1. Request Nos. 5-7 seek documents related to the design, creations, development, and/or selection of the Accused Products; and Request No. 8 seeks documents referencing and/or related to the UGG® Fluff Yeah Slide and/or the Fluff Yeah Trade Dress. Defendant responds by first, asserting an objection that it never designed or stocked the Accused Products. However, the few documents Defendant produced indicate that the Accused Products were sold on its websites. Second, Defendant's copy-and-pasted substantive responses are confusing as they do not identify whether Defendant will be producing documents, or whether any responsive documents exist; nor do the responses appear to specifically respond to the scope of the Requests.

Third, Defendant's objections and responses to Request No. 9 (seeks documents referencing and/or related to the '941 Patent); Request No. 28 (seeks documents, including emails, containing the terms "Fluff Yeah" and/or "UGG"); and Request No. 33 (seeks documents related to advice of counsel provided to Defendant regarding the Accused Product unless Defendant does not intend to rely on advice of counsel defense) are improper.

- For Request No. 9, Defendant refuses to provide a substantive response and asserts only boilerplate objections. *See* ECF 51-1. This documentation is relevant because it could lead to evidence relevant to determination of the issues of knowledge, intent, willfulness, and absence of mistake.
- For Request No. 28, Defendant has failed to produce any communications or documents which refer to "Fluff Yeah" and/or "UGG". *See* ECF 51-1. To the extent Defendant has documents or communications referencing or regarding UGG® products or designs

February 29, 2024
Page 3

- (including the UGG® Fluff Yeah Slide), it could lead to evidence clearly relevant to determination of the issues of knowledge, intent, willfulness, and absence of mistake and should be produced. Further, based on Defendant's counsel's representations during the parties' meet and confer call, it is Plaintiff's understanding that Defendant has not conducted a search for the documents requested. Finally, Defendant's claims that the documents requested contain privileged employee information is unfounded. To the extent there are documents that contain employee names and or employee business email addresses this information cannot be conceivably privileged as it pertains to potential witnesses.
- For Request No. 33, Defendant responds that it will produce responsive documents. *See* ECF 51-1. However, no responsive documents have been produced. To the extent that Defendant is relying on an advice of counsel defense, Defendant cannot rely on an objection of privilege with regard to the relevant communications. *See United States v. Doe (In re Grand Jury Proceedings)*, 219 F.3d 175, 182, 2000 U.S. App. LEXIS 18019, *14 (2d. Cir. 2000) ("fairness considerations arise when the party attempts to use the privilege both as 'a shield and a sword.' In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party") Further, Defendant's objection that the documents would contain privileged employee information is unfounded as it is unclear how documents related to advice of counsel defense would have any privileged employee information. In any event, this information also pertains to potential witnesses.

Next, for Request Nos. 17, Defendant responds that it only has communications with accountants and attorneys which it claims attorney-client privilege for. *See* ECF 51-1. To date, Defendant has failed to provide a privilege log as required by FRCP 26(b)(5) so that Plaintiff may assess whether a document's designation as privileged is justified. *See Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 646-647, 2019 U.S. Dist. LEXIS 220625, *15 (S.D. NY, Dec. 23, 2019) ("The Local Rule expressly requires that privilege logs be provided 'at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court.' Local Rule 26.2; see also Fed. R. Civ. P. 26. The unjustifiable failure to timely provide a privilege log operates as a waiver of any applicable privilege."); (citing *FG Hemisphere Assocs., L.L.C. v. Republique Du Congo*, No. 01 Civ. 8700 (SAS)(HBP), 2005 U.S. Dist. LEXIS 3523, (S.D.N.Y. Mar. 8, 2005) (collecting cases).

Finaly, Defendant has completely failed to respond to Request No. 39 which seeks Defendant's document retention policies. *See* ECF 51-1.

In light of the above, Plaintiff seeks the right to move to compel amended substantive responses (and document production) to above discusses Request for Production, Set One.

Respectfully submitted:
*Jamie Fountain*
Brent H. Blakely
Jamie Fountain

Cc: all counsel of record (via CM-ECF)

The Court is dismayed by plaintiff's report that document discovery from defendant remains outstanding, given the Court's January 17, 2024 order reminding defendant of its discovery obligations. Dkt. 52. The Court instructs defendant to respond to plaintiff's account with specificity by March 6, 2024.

SO ORDERED.

Dated: March 1, 2024
New York, New York

          *Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge