UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DECKERS OUTDOOR CORPORATION,

                                  Plaintiff,

                -v-

WHOLESALE IN MOTION GROUP, INC., *et al.*,

                                Defendants.

23 Civ. 4912 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    This order resolves plaintiff's motions to compel discovery and for sanctions against defendant Wholesale In Motion Group ("Wholesale") in this trademark and patent action. Dkts. 71, 75. Plaintiff seeks to compel responses to various of its requests for production, Dkt. 71, Ex. 1, and a default judgment against Wholesale, Dkt. 75. Wholesale opposes both motions. Dkt. 76.

    Before turning to the specifics of plaintiff's motion to compel, the Court notes that Wholesale's responses fall far short of what the Federal Rules of Civil Procedure require. As to most of plaintiff's requests, Wholesale puts forwards boilerplate objections: *e.g.*, that the request "asks for more information than is necessary," "is not specific enough," "is overly broad," "is vague and ambiguous," and "is duly burdensome." Dkt. 51, Ex. 1 at 15. Such "generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable." *Shanchun Yu v. Diguojiaoyu, Inc.*, No. 18 Civ. 7303 (JMF), 2019 WL 6174204, at *4 (S.D.N.Y. Nov. 20, 2019) (citation omitted); *see also Am. Rock Salt Co. v. Norfolk S. Corp.*, 228 F.R.D 426, 432 (W.D.N.Y. 2004). Wholesale's substantive responses are little better. They

largely consist of copy-paste responses and annexed material that do not clearly and succinctly respond to the requests at issue.

Accordingly, finding these requests facially sound, the Court thus grants plaintiff's motion to compel responses to the following requests for production:

- *Requests 9, 28, and 39.* Request 9 seeks documents from Wholesale that "review[], consider[], analyze[], or evaluate the design" of plaintiff's patents; Request 28 seeks documents from Wholesale referencing the products at issue ("fluff yeah") and the brand allegedly infringed ("UGG"); and Request 39 seeks Wholesale's document retention policies. Wholesale's responses to these requests consist solely of generalized objections, which the Court overrules.

- *Requests 2–8, 10–14, 21–27.* These requests seek documents related to the production, design, and sale of the products at issue. Wholesale's responses to these requests include *some* substance, but they fail clearly to answer the precise questions posed in plaintiff's requests, or to specify which documents are relevant to which requests. To the extent Wholesale presses its generalized objections, the Court again overrules such objections.

As to *Requests 17 and 33*, to which Wholesale interposes objections related to privilege, the Court orders as follows. Wholesale must produce a privilege log as to Request 17, which seeks all complaints by consumers regarding the products at issue, and which Wholesale claims includes "communications with defendants [sic] accountants and attorneys which are deemed privileged." Dkt. 51, Ex. 1 at 26. Such a log is required by this District's Local Rules. *See* Local Rule 26.2(b) ("Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion,

2

the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court."). As to Request 33, which seeks all documents related to any advice provided by counsel regarding the products at issue, Wholesale must either provide a privilege log or confirm that it does not intend to rely on advice of counsel as a defense.

Wholesale must provide the above required responses and privilege log/s to plaintiff by **March 19, 2024**.

At this time, the Court does not find terminating sanctions, which plaintiff seeks, merited. There is a high bar for such sanctions, and it is possible that the Court's granting of plaintiff's motion to compel will inspire Wholesale to fully comply with its discovery obligations and allow the litigation promptly to proceed on the merits. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

The Court does, however, authorize an application for attorneys' fees from plaintiff, per Rule 37, as to plaintiff's motion to compel. Plaintiff must submit such an application, with an affidavit or declaration setting forth the amount of fees and costs it reasonably incurred on the motion, by **March 26, 2024**. A response from Wholesale, if any, is due **April 2, 2024**. To obviate this motion practice, the Court directs counsel to confer in advance of March 26 with the goal of reaching agreement on the size of the appropriate fee-and-cost award.

In addition, given the limited progress thus far made on fact discovery as a result of Wholesale's non-compliance, the Court orders the parties promptly to confer and submit a revised case management plan by **March 26, 2024**. The plan should provide for a fact-discovery deadline that is no more than two months beyond the fact discovery deadline set in the existing

3

case management plan. The Court reminds all counsel of the Court's expectation that they will conduct this litigation collegially, respectfully, and responsively.

The Court respectfully directs the Clerk of Court to terminate all pending motions.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER  
United States District Judge

Dated: March 14, 2024  
       New York, New York